IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-30037 |
| ) | |
| QUENTIN D. BRADLEY, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Quentin D. Bradley filed a motion to quash search warrant and suppress evidence.

After conducting a hearing on the motion, United States Magistrate Judge Tom Schanzle-Haskins entered a Report and Recommendation wherein he recommended that the Defendant's motion be denied.

The Defendant has filed objections to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court will make a de novo determination of the portions of the report to which objection is made.

I.

The issue concerns whether a delay of nearly five months between the time that police officers took possession of one of the Defendant's cell phones and sought

1

a search warrant was reasonable. Mattoon, Illinois police officers took possession of the subject phone on December 7, 2016, and FBI Special Agent David Harmon did not seek a warrant until May 2, 2017.

The Defendant claims that the data found on the subject phone should be suppressed on the basis that the search of the subject phone violated his Fourth Amendment right to be free from unreasonable searches and seizures. He alleges Harmon and FBI Special Agent Christopher Bockelman waited too long before seeking a warrant to search the subject phone. The Defendant contends the delay was unreasonable and the subsequent search pursuant to the warrant violated his rights.

The magistrate judge notes the Defendant states in an affidavit that, after he was taken into custody, he spoke to his mother, Sharee Dozier, and asked her to retrieve the subject phone. Dozier states in her affidavit that she called the Mattoon Police Department three times and the Sangamon County Jail once to request the return of the subject phone. The magistrate judge found that the Sangamon County Jail and Coles County Jail (where Defendant was later housed) recorded all inmate calls. The Sangamon County Jail recorded 11 calls between Bradley and Dozier. Harmon listened to all of those phone calls, none of which included a request to retrieve the subject phone or any other phone. Harmon also advised that none of the

Mattoon police officials he talked to recalled anyone requesting any of the Defendant's personal property.

The magistrate judge found that it was more likely than not that Defendant did not seek the return of the subject phone. The statements of the Defendant and Dozier in their affidavits are not credible. In the recorded phone calls, the Defendant never asked his mother to retrieve the subject phone.

II.

The Defendant objects to the finding in the report that his affidavits were not credible. He states it is entirely reasonable to believe he asked for the subject phone back from the Mattoon police when he was released from their custody on the night of December 7, 2016, especially after he refused consent to let police access its contents. The Defendant further claims that Harmon's double hearsay testimony that several Mattoon officers did not recall the Defendant asking for its return, without explaining why it would be credible those officers would recall such a minor event well over two years later, is not entitled to significant weight.

While it is possible that more than two years later police officers would not remember a minor detail such as a request for the return of a phone upon his release on December 7, 2016, the evidence technician and former lieutenant of investigations reported there also are no records of a such a request being made. Because there is no corroborating evidence, the Court agrees with the magistrate

3

judge's finding that it is more likely than not that Defendant did not ask for the subject phone upon being released on December 7, 2016.

The Court also agrees with the magistrate judge's finding it is more likely than not that Defendant did not ask Dozier to retrieve his phone when he was not in custody between December 7 and 22, 2016. Such an assertion is inconsistent with the statements in his affidavit.

As for whether the Defendant made such a request while he was in custody, the Court notes that no one visited the Defendant while he was incarcerated at the Coles County Jail and there was no conversations concerning the return of the subject phone or any other phone during the eleven phone calls between the Defendant and his mother. There also were no such conversations concerning the phone in the recorded calls while he was incarcerated at the Sangamon County Jail. While the Defendant's mother visited him twice, there were no conversations concerning the return of the phone prior to or after those visits. The Defendant's assertion that the Jails may not have recorded all of his calls is speculative. The Court agrees with the magistrate judge's finding that the statements of the Defendant and his mother are not credible and it is more likely than not that Defendant did not ask Dozier to retrieve his phone while he was in custody.

In any event, the Defendant states that whether he asked for the subject phone back is but one factor in determining whether he retained a possessory interest in it.

4

The Defendant did not consent to its seizure initially, did not consent to its access by police after it was seized and did not even know it had been turned over to the FBI less than 3 weeks after its seizure. Given the importance of cell phones in modern society, the Defendant claims the magistrate judge should have granted a higher level of possessory interest in it simply because of that importance. He also alleges his privacy interest was at stake.

The magistrate judge found that the weight of the evidence supports the Government's contention that the delay did not violate the Defendant's Fourth Amendment rights. The Defendant was in custody after December 22, 2016, and thus had a minimal possessory interest in the subject phone. The magistrate judge further found that the Government had probable cause to support taking possession of the subject phone, which was potential evidence to corroborate A.A.'s statements that Defendant used the phones to get dates for prostitution. Additionally, he found that Special Agent Harmon acted diligently in obtaining the warrant, given the number of cases he was working at the time.

The Defendant objects to the magistrate judge's conclusion that Agent Harmon's delay in seeking a search warrant was reasonable. Even if the time period until February 2017 was justified (despite Harmon's acknowledgment that probable cause existed for the warrant in December and that the original case agent in charge of the investigation reported he would "immediately" act to obtain a search warrant),

the Defendant contends Harmon's inaction in obtaining a warrant for another 3 months was not justified.

The Court concludes that the delay between the seizure and warrant was reasonable based on the totality of circumstances. The Defendant's liberty was not significantly restricted and, because he was in custody, his possessory interest in the phone was limited. Given Harmon's heavy caseload and the pressing nature of certain matters he was assigned, the Court agrees with the magistrate judge's finding that he acted with diligence. "When police act with diligence, courts can have greater confidence that the police interest is legitimate and that the intrusion is no greater than reasonably necessary." *United States v. Burgard*, 679 F.3d 1029, 1033 (7th Cir. 2012).

The Court notes that other courts have found delays of similar length to be constitutionally permissible when the Government had a legitimate basis for the delay. In *United States v. Christie*, 717 F.3d 1156 (10th Cir. 2013), the Tenth Circuit concluded that a five-month delay between a consent seizure of the defendant's computer and obtaining a search warrant was not unreasonable given that the agent had to tend to "other and higher law enforcement opportunities" and it was not possible to transfer the case to another agent. *See id*. at 1163-64. Similarly, in *United States v. Stabile*, 633 F.3d 219, 236 (3d Cir. 2011), the Third Circuit determined that a three-month delay between the seizure of a computer and obtaining

a search warrant was reasonable under the circumstances, given that Defendant never asked for the computer back and the lead case agent had to attend to higher priority law enforcement matters. *See id*. at 636.

Based on the foregoing, the Court will adopt the magistrate judge's recommendation that the Defendant's motion to suppress be denied. The Court will deny the Defendant's objections to the Report and Recommendation.

Ergo, the Court ACCEPTS the Report and Recommendation [d/e 30] of United States Magistrate Judge Tom Schanzle-Haskins.

The Defendant's Objections to the Report and Recommendation [d/e 31] are DENIED.

The Motion of Defendant Quinton D. Bradley to Quash Search Warrant and Suppress Evidence [d/e 21] is DENIED.

ENTER: August 26, 2019

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge